

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Galgano,

                  **Plaintiff,**

- *against* -

County of Putnam, et al.

                  **Defendants.**

**ORDER**

16 Civ. 3572 (KMK)(PED)

**PAUL E. DAVISON, U.S.M.J.:**

    This Order addresses a dispute regarding whether plaintiff is obligated to release treatment records of his psychotherapist, Mr. James Blechman. The parties have submitted letter-briefs, [Dkts. 372, 378, 380.] Familiarity with the record is assumed.

    Communications between a patient and his psychotherapist are privileged. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). It is well-settled, however, that a party waives medical privileges when he "puts his medical condition into issue." *Ottawa Office Integration Inc. V. FTF Bus. Sys., Inc.*, 132 F.Supp. 2d 215, 220 (S.D.N.Y. 2001). In *Sims v. Blot*, 534 F.3d 117, 134 (2d Cir. 2008), the Court of Appeals determined that a plaintiff who wishes to avoid releasing otherwise privileged therapy records "may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting his psychotherapist-patient privilege." Applying *Sims*, courts in this district confine the mental health claims of plaintiffs who do not release their treatment records to garden variety emotional distress. *E. g. Suregova v. Vill. of Rye Brook*, 2011 U.S. Dist. LEXIS 147769 (S.D.N.Y Dec. 22, 2011)(Karas, J.) Notably, restricting a plaintiff to a "garden variety emotional distress"claim significantly limits the damages which may be recovered. *See Lore v. City of Syracuse*, 670 F.3d 127, 177-78 (2d Cir. 2012).

    In view of plaintiff's arguably broader descriptions of his emotional distress, plaintiff may withhold Mr. Blechman's therapy records only provided that he enters into a stipulation formally disavowing any claim for non-garden-variety emotional injuries and expressly agreeing not to offer evidence regarding his therapy or any diagnosis he may have received. *See e.g. Weber v. Res. Training Ctr., Inc.*, 2014 U.S. Dist. Lexis 176848 at * 5 (E.D.N.Y. Dec. 23, 2014)(requiring affidavit); *Jacobs v. Conn. CMTY. Tech. Colleges*, 258 F.R.D. 192, 197 (D. Conn. 2009).[1]

---

[1] Because the treatment records are privileged, defendants' argument that the records may be discoverable because they are relevant for other purposes is without merit. *See Mercedes v. City of New York*, 2018 U.S. Dist. LEXIS 176963 at *2-3 (S.D.N.Y. Oct. 12, 2018).

Dated: September 9, 2020
      White Plains, New York

SO ORDERED

_____
Paul E. Davison, U.S.M.J.