USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/24/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Galgano,

                              Plaintiff,

    - *against* -

County of Putnam, et al.

                            Defendants.

**ORDER**

16 Civ. 3572 (KMK)(PED)

**PAUL E. DAVISON, U.S.M.J.:**

    This Order addresses outstanding discovery-related motions filed by defendant County of Putnam and defendants Gil, Gonzalez, Levy and Lopez (collectively the "Individual Defendants") as set forth below. The Court heard argument on September 18, 2020. Familiarity with the record is assumed.

    Because the parties focus extensively on one another's conduct in discovery as a basis for their respective positions, the Court deems it appropriate to remind counsel that "[d]iscovery is not equity: one party's noncompliance with discovery requirements does not excuse the other's failure to comply. Each party's obligation is independent." *Gropper v. David Ellis Real Estate, L.P.*, 2014 U.S. Dist. LEXIS 16849 at *3 (S.D.N.Y. Feb. 10, 2014); *see also John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) ("[I]t is well-established that a party cannot unilaterally refuse to fulfill its discovery obligations as retaliation for another party's discovery violations."); *Lumbermens Mut. Cas. Ins. Co. v. Maffei*, 2006 U.S. Dist. LEXIS 67754, at *5 n.21 (D. Alaska Sept. 20, 2006) ("The court does not consider 'tit-for-tat' objections to discovery to be legitimate."). Indeed, "[t]he federal rules ... contain no provision authorizing a

litigant to behave only as well as his opponent.'"*Acushnet Co. v. Birdie Golf Ball Co.*, 166 F.R.D. 42, 43 (S.D. Fla. 1996). The Court disregards such arguments.

1.     **Motions to Compel Plaintiff to Provide Discovery[1]**

Both the County and the Individual Defendants move to compel plaintiff to comply with numerous document demands. [Dkts.392-94 (County Motion); Dkts. 396-98, 409 (Individual Defendants' Motion).] Plaintiff opposes. [Dkts. 405-406, 413.]

The motions – and plaintiff's response – boil down to a common issue: plaintiff's contention that defendants are not entitled to liability-related discovery from plaintiff because plaintiff's claims turn solely on the lawfulness of defendants' conduct. Plaintiff's view of the case is set forth in a preamble to his second amended complaint:

> This action is entirely about whether law enforcement officials, acting under color of law, were legally justified in taking, or allowing, the damaging actions they and their subordinates took against Mr. Galgano, his business, and his family, based on the evidence in their possession at the time. This action is not a forum for the Defendants to compound their prior unlawful acts with further unreasonable invasions of privacy. The Defendants' actions may only be justified based the lawfulness of their conduct, and supported by the evidentiary facts, if any, they acquired lawfully beforehand. Anything of which the Defendants were unaware at the time they acted is irrelevant to whether their official actions were lawful.

[Dkt. 318, ¶ 9.] Consistent with this narrow formulation of the issues, plaintiff has objected to numerous document demands "because only Defendants' then-existing knowledge based on the information in their possession at the time they committed the acts alleged in the [operative] Complaint is relevant to determining the lawfulness of Defendants' conduct." [Dkts. 393-1

---

[1] Plaintiff apparently does not object to defendants' damages-related document demands. [Dkt. 405, ECF p. 23.] On September 18, 2020, the Court directed that such documents be produced by October 16, 2020.

*passim*, 397-2 *passim*.]

      The Court rejects plaintiff's one-sided view of discovery. Under Rule 26(b)(1), Fed. R. Civ. P., parties may obtain discovery of any non-privileged information "that is relevant to any party's claim or defense[.]" Courts have recognized that "[a]lthough not unlimited, relevance, for purposes of discovery, is an extremely broad concept." *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004) (citations omitted). Thus, Rule 26(b)(1) presents a "relatively low threshold" for a party to show that the material sought is relevant to any claim or defense in the litigation. *Zyprexa Litig.*, 474 F. Supp. 2d 385, 421 (E.D.N.Y. 2007). Moreover, the Rule specifies that information "need not be admissible in evidence to be discoverable."

      Here, plaintiff has provided no authority for the proposition that a defendant in a § 1983 action premised on 4th Amendment or malicious prosecution claims cannot take discovery from his adversary regarding those claims. I find that reciprocal discovery is appropriate even where, as here, liability may ultimately turn on an assessment of the information defendants had on hand at some earlier time. In short, I find that defendants have the right, grounded in Rule 26(b)(1), due process, and fair play, to explore plaintiff's knowledge regarding the allegations of his complaint and to discover evidence plaintiff has in his possession which bears on those allegations.

      Accordingly, plaintiff's broad relevance objection to defendants' otherwise unremarkable document demands is **OVERRULED**, and Defendants' motions to compel are **GRANTED**.[2]

**2.**     **Motion to Unseal the "Third Grand Jury"**

---

[2] Plaintiff, a criminal defense attorney, may assert claims of privilege with regard to some responsive documents. A privilege log is then required under Rule 26(b)(5), Fed. R. Civ. P. The Court directs the parties' attention to Local Civil Rule 26.2(c)(encouraging efficient means of providing information regarding claims of privilege.)

In his second amended complaint, plaintiff has excised references to Putnam County Grand Jury Investigation Number 15-INV-008, the so-called "Third Grand Jury." The Individual Defendants now move to unseal the record of that proceeding. [Dkts. 399-401, 410.] Putnam County joins in the motion. [Dkt. 402.] Plaintiff opposes. [Dkt. 407.]

Under New York law, "a party seeking disclosure of grand jury minutes must establish a compelling and particularized need[.]" *People v. Robinson*, 98 N.Y.2d 755, 756 (2002). Federal courts similarly require that, because "grand jury materials . . . are traditionally protected by a 'General Rule of Secrecy[,]'" a party seeking disclosure "must make a particularized showing of compelling need; proof of mere relevance, economy, and efficiency will not suffice." *United States v. Charmer Industries, Inc*, 711 F.2d 1164, 1174 (2d Cir. 1983).

Applying that high standard, I find that defendants have not established a compelling need to unseal proceedings before the Third Grand Jury. While evidence presented to that body may be relevant to plaintiff's claims, plaintiff's complaint (as now configured) is addressed to two earlier grand jury investigations (and their sequelae) and does not directly implicate the Third Grand Jury. Defendants' desire to cull impeachment material or "bad acts" evidence from the record before that Grand Jury is not a sufficient basis to order their disclosure.

Accordingly, defendants' motion to unseal the Third Grand Jury is **DENIED**.

The Clerk shall close Dkts. 392, 396, and 399.

Dated: September 24, 2020
      White Plains, NY

**SO ORDERED**

Paul E. Davison, U.S.M.J.