UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Galgano,

                               Plaintiff,

          - *against* -

County of Putnam, et al.

                              Defendants.

## ORDER

16 Civ. 3572 (KMK)(PED)

**PAUL E. DAVISON, U.S.M.J.:**

On September 20, 2018, this Court entered a protective order [the "Protective Order"] restricting public filing of communications between plaintiff and specified individuals. [Dkt. 283.] Defendant Adam Levy now seeks modification of the Protective Order. [Dkts 415-17.] Plaintiff opposes, and Levy has submitted a reply. [Dkts. 427, 429.]   Familiarity with the Protective Order and with the extensive record is assumed. Levy's motion is **DENIED**.

Acting pursuant to Rule 5.2(e)(1), Fed. R. Civ. P., the Court fashioned the Protective Order to address the unique circumstances of this case. As the Court explained in an introductory paragraph of the Protective Order:

> Plaintiff is a criminal defense attorney who habitually communicated with clients and others via cell phone and text message. Some such communications were intercepted pursuant to a court-ordered wiretap in the underlying criminal investigation of plaintiff, and an apparently larger repository of text messages was extracted from cellphones and computers which were seized from plaintiff pursuant to search warrant. Discovery in this case consequently includes numerous communications -- including attorney-client communications and potentially privileged spousal communications – which were obtained under circumstances not involving any waiver or other forfeiture of applicable privileges.

[Dkt. 283.] In order to protect the non-parties whose potentially privileged communications

were intercepted or seized, the Protective Order requires redaction from the public docket, in the first instance, of communications between plaintiff and 44 individuals plaintiff has identified as clients, as well as communications between plaintiff and his wife.

Significantly, the Protective Order specifies that "any party may at any time for good cause apply for leave to include in a public filing a communication described in this Order[.]" [Dkt. 283, p. 3.] The Court notes that no party has requested leave to publicly file a communication covered by the Protective Order during the two years since the Order was entered.

The Protective Order strikes an appropriate balance between the needs of this case and the rights of third parties. Because it is prophylactic in nature, the Protective Order is necessarily over-inclusive. Accordingly, Levy's demonstration that certain covered communications are *not* privileged – however persuasive – does not call into question the Court's rationale.[1]

Accordingly, Levy's motion is **DENIED**. The Clerk shall close Dkt. 415.

Dated: October 13, 2020
      White Plains, NY

SO ORDERED

_____
Paul E. Davison, U.S.M.J.

---

[1] To be clear, this Court has not been called upon to determine whether any particular communication covered by the Protective Order is privileged.