UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Galgano,

                         Plaintiff,

        - against -

County of Putnam, et al.

                        Defendants.

**ORDER**

16 Civ. 3572 (KMK)(PED)

**PAUL E. DAVISON, U.S.M.J.**:

    This Order address plaintiff's letter-motion to compel production of certain draft documents withheld by Putnam and the Individual County Defendants on work product grounds, [Dkt. 472.] The issue has been briefed [Dkts. 473, 476], and familiarity with the record is assumed. The motion is **GRANTED** to the extent set forth below.

    On June 29, 2018, this Court entered an Order addressing a broader motion to compel these defendants to produce documents withheld as work product. [Dkt. 234.] In that Order, the Court observed as follows:

> The Court agrees with plaintiff that, in a case involving allegations of prosecutorial misconduct related to a closed criminal investigation, the prosecutor's files are discoverable to the extent that the documents "go to the heart" of the litigation, even where the file reveals "core" or "opinion" work product containing the prosecutor's mental impressions, conclusions, opinions, or legal theories. See Anilao v. Spota, No. 10-32 (JFB)(AKT), 2015 WL 5793667 at *13 (E.D.N.Y. Sept. 30, 2015); McRay, Richardson, Santana, Wise & Salaam Litigation, No. 3 Civ. 9685, 2011 WL 5880994 at *5 (S.D.N.Y. Nov. 22, 2011); Greene v. City of New York, No. 8 Civ. 243, 2012 WL 5932676 at *10 (E.D.N.Y. Nov. 27, 2012).

[Dkt. 234, p. 1.] After reviewing the case law, however, the Court ultimately "decline[d] to require disclosure of core work product . . . until defendants' [Rule 12] motions ha[d] been

decided and the Court ha[d] a clear understanding of which claims can proceed against which defendants." [Dkt. 234, pp. 2-3.] Accordingly, at that time the Court denied plaintiff's motion without prejudice.

This case has now progressed beyond preliminary motion practice. Issue has joined, and plenary discovery is ongoing. The Court adheres to the analysis set forth above, and concludes that there no longer any basis to delay discovery of work product, including core work product, which "goes to the heart" of this litigation.

Drafts of applications for trap-and-trace orders or for search or eavesdropping warrants, and drafts of progress reports ultimately submitted to the Court in relation to those applications, to the extent prepared in whole or part by attorneys, are undeniably work product. See Inst. for the Dev. of Earth Awareness v. People for the Ethical Treatment of Animals, 272 F.R.D. 124 (S.D.N.Y. 2011). But this case centers on allegations that false statements were presented to the court in such applications and progress reports, and I find that drafts of those allegedly false documents plainly "go to the heart" of plaintiff's claims. I agree with plaintiff that disclosure of the drafts will shed light on how, and by whom, those allegedly false statements came to be inserted in the documents which were ultimately submitted to the courts. I also agree with plaintiff that drafts of allegedly false documents which were drafted, edited, or approved by defendant Levy "go to the heart" of plaintiff's claim that Levy was personally involved in the propagation of the purported falsehoods.

Accordingly, plaintiff's motion to compel is **GRANTED** to the extent that defendants shall produce to plaintiff all drafts of court filings which are alleged in the Second Amended Complaint to contain false statements, identifying drafts which were drafted, edited, or approved by defendant Levy. The Clerk shall terminate the motion. [Dkt. 472.]

Dated: January 12, 2021
      White Plains, New York

**SO ORDERED**

_____
Paul E. Davison, U.S.M.J.