**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
Document
Electronically Filed
Doc #
Date filed  1/29/21

Galgano,

                                          **Plaintiff,**

              *- against -*

**County of Putnam, et al.**

                                          **Defendants.**

**ORDER**

16 Civ. 3572 (KMK)(PED)

**PAUL E. DAVISON, U.S.M.J.**:

       This Order addresses the Individual County Defendants' (the "ICDs") motion to unseal

data (text messages) recovered from plaintiff's electronic devices and provided to Putnam

County authorities during the course of the underlying criminal investigation of plaintiff. [Dkt.

477-478.]   Plaintiff filed a letter-brief in opposition [Dkt. 479], the moving defendants filed a

reply [Dkt. 481], and the Court heard argument on January 6, 2021.  Familiarity with the record

is assumed.

       Plaintiff is a criminal defense attorney who habitually communicated with clients and

others electronically, and privilege claims associated with plaintiff's occupation have

complicated discovery.  Notably, the disposition of seized electronic data – including the subject

text messages – was the subject of extensive briefing and argument in 2016 and 2017, and the

Court issued a detailed Order setting forth a protocol for review by plaintiff and, as appropriate,

release of this data on July 24, 2017. [Dkt. 119.]  Among other things, that Order directed

plaintiff to review the data and to "designate, on a privilege log . . . those items as to which a

privilege is claimed[,]" but also authorized "a categorical designation of sensitive but irrelevant

materials – such as files of clients other than Lani Zaimi, or 'personal' items such as family

pictures  – by agreement of counsel or further order of the court." [Dkt. 119, p. 3 and n.3.][1]  In
response to that Order, on October 13, 2017, plaintiff's counsel provided a 15-page letter in
which counsel described the data, agreed to the unsealing of a subset of the data, and articulated
privilege claims and other objections  to disclosure of the rest. [Dkt. 135-1.]

On November 1, 2017, the ICDs submitted a letter-brief objecting to plaintiff's October
13 letter, asserting that plaintiff had not complied with the Court's July 24, 2017 Order and
arguing, in particular, that the letter did not provide sufficient detail concerning withheld
materials to serve as the privilege log contemplated by Rule 26.2 of the Local Civil Rules. [Dkt.
134, p. 2.]  These defendants also objected to plaintiff's "shortcut review" of the data, whereby
plaintiff had excluded certain categories of the data from individualized examination.   [Dkt.
134, p. 2.]   In addition, counsel argued that plaintiff was improperly withholding texts regarding
plaintiff's "business relationships with his client Zaimi[,]" as well as a non-exclusive ("inter
alia") laundry list of additional topics:

> [T]exts with another attorney discussing interference with an investigation
> by preventing a witness from being interviewed; texts regarding the procurement,
> usage and distribution of narcotics by Galgano; his instructions to another attorney
> to submit a perjured affirmation; his communications with an unidentified enforcer
> amd investigators regarding intimidation of witnesses, including statements by
> certain Galgano-retained investigators that they would not do what Galgano
> asked them to do; and texts evidencing conspiracy to commit insurance fraud.

[Dkt 134, p. 3.]

On November 1, 2017 plaintiff filed a responsive letter defending plaintiff's compliance
with the Court's July 24, 2017 Order. [Dkt. 135.]   On November 9, 2017, the ICDs filed a reply

---

[1]The Court notes that its footnote authorizing categorical designations is consistent with
the current iteration of Local Civil Rule 26.2(c)(encouraging "[e]fficient means of providing
information regarding claims of privilege[.]")

[Dkt. 136], triggering a further responsive letter from plaintiff on November 16, 2017 [Dkt. 138], which in turn provoked yet another letter from the ICDs on November 30, 2017. [Dkt. 151.] This dispute was the subject of extensive discussion at a discovery hearing on December 1, 2017, during the course of which plaintiff agreed to release to defendants that subset of the seized data as to which plaintiff was not asserting any privilege or other objection. The Court expressed the hope that production of these materials (which defense counsel had yet to see) would foster a more intelligent discussion of the dispute concerning the remaining data plaintiff was seeking to withhold.

The Court convened another hearing on February 2, 2018, whereupon counsel for Putnam County and for the ICDs announced a breakthrough: predecessor counsel for Putnam County, as well as unspecified ICDs, had preserved and retained copies of relevant documents, including the text messages, in response to notices of claim which had been served by plaintiff, before the files of the abortive criminal proceedings against Mr. Galgano were sealed. [Dkt. 179, pp. 6-10.] Thus, counsel for the ICDs explained as follows:

> MR. MIRANDA: So what is the bottom line, Judge? The bottom line is that the text issue is not so much an issue anymore because not only did my clients have at the time and use it in the investigative process and deliberative process, but also we have them now[.] . . And so, even though there's been redactions that were made by [plaintiff's counsel] in his production –

> THE COURT: It's moot because you have them and you can look and see what he redacted.

> MR. MIRANDA: Thank you, Judge. Thank you, Judge.

[Dkt. 179, p. 10.] After counsel dropped this bombshell, the discussion turned to whether and how plaintiff's counsel could be required to confirm that the defendants' retained collection of text messages was complete, and whether the text messages and other data seized from plaintiff

would be subject to a protective order.  Although these related issues percolated during conferences on April 16 and May 31, 2018,[2] defendants did not raise any issue regarding the adequacy of plaintiff's October 13, 2017 letter or the categories of text messages withheld therein until December 17, 2020, when counsel for the ICDs announced that he would be submitting the instant application.

Counsel's current motion conflates two issues.  First, counsel asserts that "we have recently come to learn that plaintiff's counsel's representation that the 'chats' messages . . . deleted from the iPhone disk was [sic] duplicative of the SMS messages on the iPhone disk is a technological impossibility." [Dkt. 447, p. 1.] Counsel explains that text messages between iPhone users are saved as "iMessages" in a "chats" folder, whereas text messages between an iPhone and non-iPhone devices are saved in a different folders in "SMS" format.  Thus, counsel asserts, plaintiff's counsel's representation in the October 13, 2017 letter that the "chats" folder extracted from plaintiff's iPhone "only adds non-germane text messages to the 3,537 SMS messages" deemed germane by the State Police [Dkt. 135-1, p. 5] is a non-sequitur. [Dkt. 477, pp. 3-4.]  In response, plaintiff has committed "to search all the files [the ICDs] now identify for non-privileged electronic documents responsive to their relevant document requests, and produce any such discoverable data." [Dkt. 479, p. 1.]   This is proper, and plaintiff is specifically directed to search the "chats" folders extracted from plaintiff's iPhone in responding to discovery demands.  In the Court's view, this resolves the "chats"/"SMS" issue flagged by defense counsel.

However, as to the second issue presented, the Court does not view plaintiff's incorrect

---

[2]The parties ultimately stipulated to a Protective Order, which the Court entered on June 7, 2018. [Dkt. 212.]

characterization of the function and content of a "chats" folder on an iPhone as a basis to reopen long-dormant disputes about the extent to which data from plaintiff's iPhone should be unsealed which were, in effect, abandoned by defense counsel nearly three years ago.  Counsel for the ICDs has candidly acknowledged that counsel only recently came to appreciate the differing iPhone storage protocols for iMessages as distinguished from SMS messages, but does not explain why the Court should impute superior technological sophistication to plaintiff's counsel. Plaintiff's counsel apparently made an error, but the Court is not persuaded that this represents an "intentional misrepresentation" [Dkt. 447, p. 2] or that counsel's description was "intentionally false[.]" [Dkt. 481, p. 2.]

Accordingly, the Court declines to revisit in 2021 issues which were litigated *ad nauseam* in 2016 and 2017 and then resolved, to counsel's then-evident satisfaction, in early 2018. The items the ICDs now claim were improperly withheld – texts relating to business arrangements between plaintiff and Zaimi, alleged narcotics transactions with former clients, alleged improper directions to investigators etc. – closely track the objections counsel lodged to plaintiff's October 13, 2017 letter as far back as November 2017. [Dkt. 134.] The ICDs' contention that plaintiff's October 31, 2017 did not comport with this Court's July 24, 2017 Order, as well as their related challenge to the privileges claimed therein, also rehash counsel's 2017 arguments, and the Court cannot interpret counsel's silence over the intervening years as anything other than acquiescence. The passage of time since counsel raised, then dropped, these issues is extraordinary, and I agree with plaintiff that counsel's delay has prejudiced plaintiff's ability to respond.

Accordingly, the ICD's motion to unseal additional data extracted from plaintiff's iPhone

is **DENIED.**[3]  The Clerk shall terminate the motion. [Dkts. 477-78.]

Dated: January 29, 2021
         White Plains, New York

**SO ORDERED**

_____
               Paul E. Davison, U.S.M.J.

---

[3]Nothing in this Order precludes defendants from seeking relevant, non-privileged text messages from plaintiff by way of discovery demands, or requesting that plaintiff admit the genuineness of text messages already in defendants' possession pursuant to Rule 36(a)(1)(B).