

# WINDELS MARX
Windels Marx Lane & Mittendorf, LLP

**MEMO ENDORSED**

windelsmarx.com

Bradley D. Simon
212.237.1164
bsimon@windelsmarx.com

156 W. 56th Street | New York, NY 10019
T. 212.237.1000 | F. 212.262.1215

March 31, 2021

**VIA ECF**

The Honorable Kenneth M. Karas
United States District Court for
the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

        Re: *Galgano. v. County of Putnam, et. al.*
        SDNY Docket No. 16 CV 3572 (KMK)

Dear Judge Karas:

    I represent Helen Galgano, the wife of George Galgano, the plaintiff in the above captioned case. (Dkt. 251).

    On August 5, 2018 Mrs. Galgano moved before Magistrate Judge Davison to preclude disclosure of third party confidential marital communications. Pending before the Court is Mrs. Galgano's Rule 72 appeal of Magistrate Judge Davison's order on that issue. (Dkt. 279). The parties have conferred and made progress toward resolving the issues pursuant to the Court's directive of January 27, 2021. However, in the course of those discussions, it became clear that while the issue of intercepted phone calls likely is one that the parties can and will resolve, there also exist privileged communications in the form of marital text messages that have been produced in this litigation. Clearly the same concerns about dissemination of privileged private marital communications are present regardless of whether those communications were in the form of a text or a phone call.

    Moreover, Mrs. Galgano is deeply troubled by the Defendants' persistent dissemination of her privileged communications, specifically text messages to and from her husband. This occurred yet again when Defendants sent to Mr. Galgano's counsel a letter dated March 8, 2021, attached to which was a privileged communication between Mrs. Galgano and her husband. In addition, the Defendants served on Mr. Galgano a request to admit authenticity of what appear to be all of the text messages between Mr. Galgano and Mrs. Galgano, which include extremely private and personal marital communications. While it seems as if those text messages were not a part of the "intercepted" universe and instead were part of communications that were seized in the July 2, 2014 raid on Mr. Galgano's home and office, that does not change the fact that Mrs. Galgano is

{11909865:1}

NEW YORK, NY | NEW BRUNSWICK, NJ | MADISON, NJ | STAMFORD, CT



WINDELS MARX | Windels Marx Lane & Mittendorf, LLP

Hon. Kenneth Karas
March 31, 2021
Page 2 of 3

not a party to this litigation and she has never waived her privilege. It appears that text messages from Mr. Galgano's mobile phone were downloaded in their entirety and ultimately provided to counsel without any procedure or mechanism in place to filter out non-pertinent, privileged communications. The communications seized in the July raid concern the full universe of private and personal communications between married people over the course of several years.

The common law has long recognized that communications between spouses are subject to privilege. *See* John Henry Wigmore, *A Treatise on the Anglo-American System of Evidence* (McNaughton rev. 1961). The marital privilege is codified in Section 4502 of the New York Civil Practice Law and Rules, which provides that "[a] husband or wife shall not be required, or, without consent of the other if living, allowed, to disclose a confidential communication made by one to the other during marriage." This privilege protects disclosure of the confidential text messages between Mr. and Mrs. Galgano recovered from Mr. Galgano's personal cell phone by Defendants.

While the privilege does not protect "ordinary daily exchanges between spouses," *People v. O'Dell*, 36 A.D.2d 774, 318 N.Y.S.2d 908 (N.Y. App. Div. 3d Dep't 1971), it does attach to "those statements made in confidence and that are induced by the marital relation and prompted by the affection, confidence and loyalty engendered by such relationship." *People v. Fediuk*, 66 N.Y.2d 881, 883-884, 489 N.E.2d 732, 734 (N.Y. 1985)(internal quotations omitted). And while the communication, like any privileged communication, must be confidential, *People v. Dudley*, 24 N.Y.2d 410, 413, 248 N.E.2d 860, 862 (N.Y. 1969), a communication between spouses "is presumed to have been conducted under the mantle of confidentiality." *Fediuk*, 66 N.Y.2d at 883 (*quoting People v. Fields*, 38 A.D.2d 231, 233 (1972)). Certainly text messages between a husband and wife, retrieved from the husband's personal cell phone, should be presumptively confidential, and there is nothing in the circumstances surrounding the text messages between Mr. and Mrs. Galgano suggesting that they were not "induced by the marital relation and prompted by the affection, confidence and loyalty engendered by such relationship." *Fediuk*, 66 N.Y.2d at 883. A useful analogue is *People v. Thomas*, 96 A.D.3d 1670, 949 N.Y.S.2d 545 (Sup. Ct. App. Div. 4th Dep't 2012), where the Appellate Division ruled that the trial court erred in refusing to suppress statements made by a husband to his wife that were obtained surreptitiously by the police, who were monitoring the private conversations from an adjacent room. *Id.* at 1671. Absent a compelling showing by the Defendants, the marital communications at issue here should be treated as presumptively privileged. *See also People v. Allman*, 59 Misc. 2d 209, 212 (Kings Cty. Sup. Ct. 1969) ("confidentiality of a husband-wife communication is to be presumed unless such presumption is rebutted by the character of the communication itself").

Mrs. Galgano respectfully requests that Your Honor issue an order directing Defendants to immediately cease publicizing Mrs. Galgano's marital communications, at least until the resolution of the pending motion.

{11909865:1}



Hon. Kenneth Karas
March 31, 2021
Page 3 of 3

Respectfully submitted,

*/s/ Bradley D. Simon*

Bradley D. Simon

Defendants are to respond to this letter by 4/6/21.

So Ordered.

3/31/21

{11909865:1}