

**Bradley D. Simon**
212.237.1164
bsimon@windelsmarx.com

156 W. 56th Street | New York, NY 10019
T. 212.237.1000 | F. 212.262.1215

windelsmarx.com

April 7, 2021

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**MEMO ENDORSED**

Re: *Galgano v. . County of Putnam et al.*
<u>Docket NO; 16 CV 03572(KMK)(PED</u>

Dear Judge Karas:

    We represent Mrs. Helen Galgano, the wife of Plaintiff George Galgano. We write in reply to the responses filed April 6, 2021 by the County of Putnam and the individual Putnam defendants to Mrs. Galgano's letter filed March 31, 2021 objecting to the Defendants' dissemination of her privileged text communications.

    First, Mrs. Galgano is not a party to this action.  The fact that the text messages have been in the possession of defendant since 2018 is irrelevant to Mrs. Galgano. As a non -party she is not imputed to have knowledge of every filing made in the case by virtue of being married to the Plaintiff.  The fact that she is a partner at the firm representing her husband is also of no import since she is not working on the matter and has removed herself from any involvement.

    The Defendants reference Magistrate Judge Davison's September 20, 2018 order directing that all communications between Plaintiff and his wife be filed under seal rather than on the public docket.  The Defendants should honor the spirit of that order and cease the dissemination of Mrs. Galgano's privileged communications in all correspondence and not just with respect to docket filings.  It is extremely distressing to Mrs. Galgano to discover that her personal and private communications with her husband are being exposed and disseminated by Defendants in correspondence between the parties.

{11912566:1}



Honorable Kenneth M. Karas
United States District Court
April 7, 2021
Page 2

      Our request for relief is simple. We respectfully ask that the Court issue an order directing the Defendants to cease publication of all privileged and private text communications between Mrs. Galgano and her husband.

      Your Honor's attention to this request is greatly appreciated.

                                             Respectfully submitted,

                                             */s/ Bradley D. Simon*

                                             Bradley D. Simon

By Ms. Galgano's own admission, the text messages in question are "not a part of the 'intercepted' universe" of wiretap communications that are the subject of the Rule 72 Objection pending before this Court. (Dkt. No. 527.) As counsel for Defendants note, (*see* Dkt. Nos. 533-34), Judge Davison addressed the relevant text messages when issuing his September 20, 2018 order, which requires that certain confidential communications be filed under seal pursuant to the Protective Order in this case, (*see* Dkt. No. 283). Even if the Court agreed that Defendants had violated "the spirit of that order," as Ms. Galgano suggests, (Dkt. No. 535), there is no Rule 72 objection challenging the September 20, 2018 order. The Court may not enforce the "spirit" of an order to which there is no pending objection. Ms. Galgano's request is therefore denied, and the Clerk of Court is respectfully directed to terminate the pending Application, (Dkt. Nos. 526-27).

SO ORDERED

_____
KENNETH M. KARAS U.S.D.J.

April 12, 2021

{11912566:1}