UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Galgano,

                             Plaintiff,

        *- against -*

County of Putnam, et al.

                             Defendants.

<u>ORDER</u>

16 Civ. 3572 (KMK)(PED)

**PAUL E. DAVISON, U.S.M.J.**:

This Order addresses discovery disputes outlined in Dkts. 519, 521, 523, 531, and 532. The Court heard argument on April 9, 2021. Familiarity with the record is assumed.

<u>IRS Form 4506 (Dkt. 519)</u>

Putnam's motion is **GRANTED** to the extent that Plaintiff shall, within 5 business days, provide signed Form 4506 forms, along with the required identification documents, sufficient to release from IRS copies of the pertinent tax records.

<u>Plaintiff's Communications With Investigators (Dkt. 521)</u>

The Individual County Defendants' ("ICD's") motion to compel is **GRANTED** to the extent that plaintiff shall search for and produce all communications with investigators (including reports, text messages, and emails including any attachments) relating to his representation of Lani Zaimi, to the extent that such communications were previously obtained by law enforcement or the Putnam District Attorney during the underlying criminal investigation of plaintiff and are now in plaintiff's possession, custody or control pursuant to Dkt. 119 or otherwise.

The Court agrees with plaintiff that such communications are covered by the work product privilege in the first instance. *See Costabile v. Westchester, New York*, 254 F.R.D. 160, 164 (S.D.N.Y. 2008). But work product is a qualified privilege, and in the context of this case

the Court readily finds that defendants have "substantial need," Rule 26(b)(3)(ii), Fed. R. Civ. P., and even a "highly persuasive showing" of need, *United States v. Doe (In re Grand Jury Proceedings)*, 219 F.3d 175, 190 (2d Cir. 2000), to obtain these materials so they can reconstruct the files they had access to during the investigation and prosecution of plaintiff and re-establish the full factual context in which they made the decisions about which plaintiff now complains. Notably, the abortive prosecution of plaintiff centered on allegations that plaintiff, acting through one or more investigators, sought to bribe or tamper with a prosecution witness. Since plaintiff now controls these materials, defendants plainly cannot obtain them by other means.[1]

It is unclear whether plaintiff possesses additional responsive communications which were **not** obtained by defendants during their investigation and prosecution of plaintiff. Such materials, to the extent they exist, may be relevant, but it is not clear to the Court that defendants' need for any such materials is sufficient to overcome work product protection. Plaintiff must therefore itemize any such communications he wishes to withhold on privilege grounds on a log compliant with Local Civil Rule 26.2.

<u>Tax Returns, Bank and Financial Records (Dkt. 521)</u>

Within 5 business days, Plaintiff shall formally (in writing) – as he has done verbally – restrict his economic damages claims to lost personal income associated with his law firm and with the Greenlight Title Agency. On the basis of that concession, the ICD's motion to compel disclosure of tax, bank, and financial records for entities apart from the law firm and Greenlight

---

[1] Plaintiff, having demanded and obtained return of his digital "property" from defendant Putnam County, cannot now be heard to complain about the burden of restoring defendants' access (as otherwise appropriate) to these materials.

Title (and Mr. Galgano personally) is **DENIED WITHOUT PREJUDICE.**[2]

Amer Hattar/Galinn Fund (Dkt. 521)

Based on the damages claim limitation described above, the ICD's application to compel disclosure of records related to Amer Hattar and/or the Galinn Fund is **DENIED.**

Business Relationship With Lani Zaimi (Dkt. 521)

The ICD's seek documents evidencing "payments or monies received by plaintiff " or plaintiff's businesses from Lani Zaimi or any business operated by Zaimi.  To the extent that such communications were previously obtained by law enforcement or the Putnam District Attorney during the underlying criminal investigation of plaintiff and are now in plaintiff's possession, custody or control pursuant to Dkt. 119 or otherwise, the ICD's motion to compel production of such documents is **GRANTED**.  The motion is otherwise **DENIED**.

Saltwater Coral Distributer Documents (Dkt. 521)

At the April 9, 2021 hearing, plaintiff agreed to produce responsive documents.

The Clerk is respectfully requested to close Dkts. 519, 521, 522, and 523.

Dated: April 14, 2021
       White Plains, New York

**SO ORDERED**
_____
Paul E. Davison, U.S.M.J.

---

[2] Defendants may renew their request for additional financial documentation – if warranted – based on their review of the documentation to be produced.