**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Galgano,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　　- against -<br><br>County of Putnam, et al.<br><br>　　　　　　　　　　　　Defendants. | **ORDER**<br><br>16 Civ. 3572 (KMK)(PED) |

**PAUL E. DAVISON, U.S.M.J.**:

By letter-motion dated May 18, 2021 [Dkt. 553][now sealed], the Individual County Defendants ("ICD's") request that the Court "So Order" Rule 45 subpoenas directed to the Westchester County Department of Information Technology, the Westchester County District Attorney's Office, and the Grievance Committees for the 9th and 2nd, 11th, and 13th Judicial Districts. The Court declines to do so.

"Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed. R. Civ. P. 45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *New Falls Corp. v. Soni Holdings, LLC*, 2018 U.S. Dist. LEXIS 225233, at * 1 (E.D.N.Y. Oct. 15, 2018), *quoting Rand v. Am. Ins. Co.*, 2012 U.S. Dist. LEXIS 24343, 2012 WL 628321, at *1 (E.D.N.Y. Feb. 27, 2012). Accordingly, Rule 45 subpoenas do not ordinarily require a judge's signature.

Despite the self-executing nature of attorney-issued subpoenas, federal judges are sometimes called upon to "So Order"subpoenas. *See Palau v. TMC Transp. Inc.*, 2021 U.S. Dist. LEXIS 4878, at * 2 (S.D.N.Y .Jan. 9, 2021)(declining to "So Order" subpoena). This Court has occasionally done so, typically where the recipient of the subpoena is subject to privacy

regulations or has an announced policy requiring a court order, and where the relevance of the subpoenaed material is clear. The most frequent example would be hospital records in a case involving personal injuries. However, the court's decision to "So Order" a subpoena is a matter of discretion. *New Falls Corp*, 2018 U.S. Dist. LEXIS 225233, at * 3.

Notably, "[w]hen a Court so-orders a subpoena, it has an impact different from an attorney-issued subpoena. Court involvement transforms the subpoena into a court order and '[t]hat intervention serves to alert the offending party to the seriousness of its noncompliance and permits judicial scrutiny of the discovery request. . . . A subpoena issued by counsel does not fulfill these purposes.'" *New Falls Corp*, 2018 U.S. Dist. LEXIS 225233, at * 2, *quoting Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1364-65 (2d Cir. 1991).

Here, counsel has not identified any law, regulation, or policy requiring a court-ordered subpoena. However, at least some of the materials called for by the subpoenas are plainly confidential in the colloquial sense, and appear, moreover, to be at best tangentially related to the subject matter of this lawsuit. Under these circumstances, the Court declines to "put the Court's imprimatur on the subpoena[s] to compel compliance." *New Falls Corp*, 2018 U.S. Dist. LEXIS 225233, at * 2.

The ICDs have the right to serve attorney-issued subpoenas, provided that they comply with Rule 45(a)(4). In the event they do so, the recipients are free to comply, or to seek relief via motions to quash, as their policies may dictate.[1] Meanwhile, the ICD's present motion is **DENIED**.

---

[1]Plaintiff may also seek relief to the extent he has standing to do so. *See* Dkt. 560.

The Clerk is respectfully requested to close the motion at Dkt. 553.

Dated: May 21, 2021
White Plains, New York

**SO ORDERED**

_____
Paul E. Davison, U.S.M.J.