**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Galgano,**                               **Plaintiff,** - against - **County of Putnam, et al.**                         **Defendants.** | **ORDER** 16 Civ. 3572 (KMK)(PED) |

**PAUL E. DAVISON, U.S.M.J.**:

By letter-motion dated May 12, 2021, the Individual County Defendants ("ICDs") seek leave to take 30 depositions in this single-plaintiff civil rights action. [Dkts. 547 - 550.] By separate letter-motion also dated May 12, the ICDs seek an Order compelling plaintiff to produce additional discovery. [Dkts. 544-45.] Plaintiff opposes both motions. [Dkts. 551-52.][1] Familiarity with the extensive record is assumed.

### Number of Depositions

The Federal Rules of Civil Procedure presumptively limit to ten the number of depositions that each side may conduct. *See* Fed. R. Civ. P. 30(a)(2)(A) ("A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if ... a proposed deposition would result in more than ten depositions being taken ...."); *DelaRaba v. Suozzi*, 2006 U.S. Dist. LEXIS 92813 at *1 (E.D.N.Y. Nov. 17, 2006) ("Absent an agreement among the parties, a party must obtain leave of the court before taking any additional depositions beyond the limit of ten."); *Universal City Studios, Inc. v. Reimerdes*, 104 F. Supp. 2d

---

[1] The Court set a briefing schedule [subsequently extended as counsel's request, *see* Dkts 540-41] for these disputes at a conference on May 6, 2021. At that time, the Court expressed the view that these disputes could be resolved "on the papers" but directed counsel to notify the Court if they wanted a hearing. The ICDs filed their letter briefs on May 12, 2021, and plaintiff replied on May 19, 2021. On May 24, 2021, the ICDs submitted a letter requesting that the Court schedule oral argument. [Dkt. 562.] At this point, oral argument would not be helpful to the Court.

334, 342 (S.D.N.Y.2000). The purpose of Rule 30(a)(2)(A) is to "enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery.'" *Sigala v. Spikouris*, 2002 U.S. Dist. LEXIS 10743 at *3 (E.D.N.Y. Mar. 7, 2002) (*quoting Whittingham v. Amherst Coll.*, 163 F.R.D. 170, 171-72 (D.Mass. 1995)). Accordingly, "[t]he mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual." *Id*. (citation omitted); *see also Commodity Futures Trading Com'n v. Commodity Inv. Group, Inc.*, 2005 U.S. Dist. LEXIS 27454, (S.D.N.Y. Nov. 10, 2005) ("Although a witness might have discoverable information, a party is not always entitled to depose that individual."). Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure sets forth the factors the Court should consider when a party seeks to exceed the ten deposition limit imposed by Rule 30(a)(2)(A)(I), including whether (1) "the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less extensive," (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," and (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Here, the ICDs seek blanket authority to conduct three times the presumptive maximum number of depositions, and I find that granting the ICDs *carte blanche* in the manner requested would undermine Rule 30(a)(2)(A)(i)'s objective of promoting a cost-effective approach to discovery and would instead endorse a profligate, "scorched earth" approach. For example, the ICDs seek to depose 8 (present and former) prosecutors from the (non-party) Westchester County District Attorneys Office regarding that Office's decision not to prosecute plaintiff, but

have not attempted to exhaust that entity's institutional knowledge by way of a deposition convened under Rule 30(b)(6). Moreover, as plaintiff points out, the ICDs have made no effort to rank or prioritize the depositions they seek to take.[2] Even if the Court was persuaded that some relaxation of the ten-deposition limit was warranted, it would be inappropriate for the Court to undertake the necessary winnowing of the ICDs' witness list on their behalf.

Accordingly, the ICDs letter-motion for leave to take 30 depositions is **DENIED**.

## Motion to Compel

**Medical and Pharamacy Records**: The ICDs concede that "plaintiff has not made any claims related to [his] arrest and prosecution for possession of narcotics." [Dkt. 544, p. 2.] Contrary to the ICDs argument, however, it does not follow from that observation that "the damages available to plaintiff for the alleged illegal search turns [sic] on whether the narcotics found in his office were obtained by him legally or illegally." [Dkt. 544, p. 2.] I agree with plaintiff that the ICDs argument is based on a misreading of Townes v. City of New York, 176 F.3d 138 (2d Cir. 1999). Because plaintiff has not placed these otherwise privileged records at issue in this lawsuit, the Court will not require production.

**"Jury Tampering" Allegation:** Although counsel's presentation on this point is not entirely clear, it appears that the ICDs already have "the transcript of the call with Capolongo as well as [plaintiff's] letter to the court" regarding this allegation, evidence which the ICDs assert that they had in their possession and "could have taken into account" during their investigation

---

[2]The ICDs' letter-motion also contains no indication whether, or to what extent, the ICDs have coordinated their deposition requests with the other defendants. The Advisory Committee Notes to Rule 30(a)(2)(A) (1993 Amendment) indicate that, "[i]n multi-party cases, the parties on any side are expected to confer and agree as to which depositions are most needed, given the presumptive limit on the number of depositions they can take without leave of the court."

and prosecution of plaintiff. [Dkts. 544-45, pp. 3-4.]  As this Court has observed previously, the ICDs are entitled to discovery to "reconstruct the files they had access to during the investigation and prosecution of plaintiff and re-establish the full factual context in which they made the decisions about which plaintiff now complains." [Dkt. 539, p. 2.]  The ICDs motion to compel plaintiff to search for additional documents regarding this allegation is denied.

**Amar Hattar Materials:** The ICDs' request is denied on relevance grounds.  *See* Rule 26(b)(1), Fed. R. Civ. P.

**Retainer Agreements:** There is no real question here that plaintiff was an attorney or that he represented clients.  This request is therefore denied as overbroad and unnecessary at the present time, based on plaintiff's representation that he is producing revised materials in response to defendants' objections to his claims of privilege and is available to meet and confer with defense counsel regarding any remaining disputes. [Dkts. 551, p. 4.]

Accordingly, the ICDs' motion to compel is **DENIED**.

The Clerk is respectfully requested to close Dkts. 544, 545, 547 and 548.

Dated: May 26, 2021
White Plains, New York

SO ORDERED

_____
Paul E. Davison, U.S.M.J.