**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Galgano,**

                              **Plaintiff,**

        *- against -*

**County of Putnam, et al.**

                             **Defendants.**

**ORDER**

16 Civ. 3572 (KMK)(PED)

**PAUL E. DAVISON, U.S.M.J.**:

       By letter-motion dated May 12, 2021, the Individual County Defendants ("ICDs") seek an Order compelling non-party Westchester County District Attorney's Office ("WCDAO") to produce additional documents in response to a subpoena. [Dkt. 546.] WCDAO opposes. [Dkt. 555.] Familiarity with the extensive record is assumed.

       The ICDs seek production of documents WCDAO has withheld on the basis of privilege.[1] Those 20 documents, which are enumerated on WCDAO's privilege log [Dkt. 546-2], are classified by WCDAO as core work product. *See Jean v. City of New York*, 2010 U.S. Dist. LEXIS 2282 at * 5 (S.D.N.Y. Jan. 12, 2010)(core work product reveals the mental impressions, conclusions, opinions, or legal theories of an attorney). Core work product "is to be protected unless a highly persuasive showing [of need] is made." *In re Grand Jury Proceedings*, 219 F.3d 175, 190-91 (2d Cir. 2000).

       The ICDs do not dispute the core work product designation, but argue instead that they "easily satisfy the substantial need standard" to overcome the privilege. [Dkt. 546, p. 3.] They assert that "the standard for obtaining core work product is typically met where, as here, the

---

[1] By *ex parte* letter dated May 26, 2021, WCDAO submitted the 20 documents enumerated on its March 31, 2012 privilege log for potential *in camera review*. The Court has reviewed the documents to the extent necessary to confirm that the documents are accurately described on WCDAO's privilege log.

documents at issue 'go to the heart of the litigation.'" [*Id*., *quoting this Court's ruling* at Dkt. 234 (citing cases).] I do not agree that the WCDAO documents "go to the heart of [this] litigation."

The question at the "heart of this litigation" involves whether Putnam County authorities properly investigated and prosecuted plaintiff, not whether Westchester County authorities thought they did. The WCDAO's conclusions in a parallel investigation of plaintiff, although favorable to plaintiff and consequently emphasized by him, are not dispositive here. Accordingly, I find that the ICDs cannot overcome the "high degree of protection" afforded to the WCDAO's core work product. *Jean v. City of New York*, 2010 U.S. Dist. LEXIS at * 6.[2]

The ICDs also argue that the WCDAO has waived work product protections by "selectively disclosing" some work product while withholding other, similar materials. [Dkt. 546, p. 4.] As WCDAO points out , however, the ICDs' waiver argument fails because – contrary to the implication of counsel's rhetoric – the WCDAO, a non-party, is not the ICDs' "adversary" and is not in a position to benefit strategically from selective disclosure in this litigation. There is no basis to find the "deliberate, affirmative, and selective use of privileged work-product materials by a party" such as would support a finding of waiver. *SEC v. Gupta*, 281 F.R.D. 169, 171 (S.D.N.Y. 2012), *quoting In Re Grand Jury Proceedings*, 219 F.3d 175, 191 (2d Cir. 2000).

The ICD's motion to compel production of the documents enumerated on WCDAO's privilege log is therefore **DENIED**. Based on the submissions of counsel, however, it is unclear to the Court whether WCDAO has withheld additional documents and, if so, on what basis it

---

[2] I do not reach WCDAO's alternative invocation of a "deliberative process privilege."

has done so. Also unclear is WCDAO's position regarding a second subpoena the ICDs propose to serve.

Accordingly, counsel for the ICDs and WCDAO shall appear for a (remote) conference on **Tuesday, June 8, 2021 at 2:30 pm** to address these residual questions. Counsel for the other parties are welcome, but not required, to participate.[3]

The Clerk is respectfully requested to close Dkt. 546.

Dated: June 2, 2021
      White Plains, New York

SO ORDERED

_____
Paul E. Davison, U.S.M.J.

---

[3] The ICDs also request (and WCDAO does not oppose) an Order unsealing the record of a n *ex parte* June 24, 2014 proceeding in Westchester County Court. [Dkt. 546, pp. 2-3.] As the ICDs concede, however, such a request is ordinarily addressed to the state court as a matter of comity. [Dkt. 546, p.2, fn.1.] The ICDs should therefore direct their request to the state court. If the ICDs believe that a particular judge has a conflict of interest, they are free to request that the matter be referred to another judge.