UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Galgano,

                          Plaintiff,

- *against* -

County of Putnam, et al.

                          Defendants.

**ORDER**

16 Civ. 3572 (KMK)(PED)

**PAUL E. DAVISON, U.S.M.J.:**

By letter-motion dated June 23, 2021, plaintiff seeks a protective order with respect to 329 Requests to Admit (the "May Requests") served by the Individual County Defendants ("ICDs") on May 24, 2021. [Dkts. 575-76.] The ICDs served a responsive letter on June 28, 2021. [Dkt. 582.] Plaintiff's motion is **GRANTED**.[1]

Rule 36(a) provides, in pertinent part, that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Rule 36 is "not a discovery device." T. Rowe Price Small-Cap Fund v. Oppenheimer & Co., 174 F.R.D. 38, 42 (S.D.N.Y. 1997). It is instead "'a procedure for obtaining admissions for the record of facts already known' by the seeker." Dubin v. E.F.Hutton Group, 125 F.R.D. 372, 375 (S.D.N.Y. 1989), quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2253 (1970). Rule 36 is thus a mechanism for narrowing the issues, and toward that end the requesting party must ensure that the requests are set forth "simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain

---

[1] On July 30, 2021, counsel for interested party Helen Galgano filed a letter in support of plaintiff's motion, targeting a subset of the 329 Request to Admit. [Dkt. 585.] I need not reach the issues raised by Ms. Galgano.

instances, permit a qualification or explanation for purposes of clarification." Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003).

"Courts routinely disallow requests for admission that run into the hundreds on the grounds that they are abusive, unreasonable, and oppressive." Robinson v. Morgan Stanley, 2009 U.S. Dist. LEXIS 93971 at *6 (N.D. Ill.Oct. 8, 2009). See Kamdem-Ouaffo v. Balchem Corp., 2020 U.S. Dist. LEXIS 15648 at * 3-4 (S.D.N.Y. Jan. 29, 2020)(Davison, J.)(737 requests; "sheer number of requests" warranted protective order to protect opponent from oppression or undue burden), citing Joseph L. v. Conn. Dep't of Children & Families, 225 F.R.D. 400, 403 (D. Conn. 2005)(163 requests for admissions "excessive to the point of being abusive" warranting protective order).

Here, the ICDs apparently served what plaintiff describes as "separate requests, each purporting to involve text messages between Plaintiff and some 75 other individuals . . . [e]ach request[ing] admissions about the accuracy and authenticity of some 60,000 individual text messages included in a spreadsheet" in March 2021 (the "March requests".) [Dkt. 576, p. 1.][2] Thus, the 329 May requests are in addition to the 75 March requests; the total tally of requests served on plaintiff by the ICDs stands at 404. In this single-plaintiff civil rights action, the Court readily concludes that the "sheer number" of requests served on plaintiff warrant a protective order on the basis of oppression and undue burden. See Rule 26(c)(1).

Having determined that a protective order is warranted due to the oppressive number of

---

[2] On January 29, 2021, in a footnote to an Order denying other relief, the Court specified that "nothing in [the January 29 Order] precludes defendants from "requesting that plaintiff admit the genuineness of text messages already in defendants' possession pursuant to Rule 36(a)(1)(B)." [Dkt. 494, p. 6 fn. 3.] Although the ICDs' March 2021 requests are not before the Court, it appears that the March 2021 requests are responsive to that footnote. The Court expresses no opinion regarding the March 2021 requests, which are not a subject of this Order.

requests, the Court will not undertake the oppressive task of individualized review of the 329 requests. The Court notes, however, that many of the May requests – in contrast, apparently, to the March requests – do not seek admissions as to the authenticity or "genuineness" of documented communications, see Rule 36(a)(1)(B), but instead seek to have plaintiff adopt the ICDs' paraphrase of a communication, or adopt a truncated excerpt from a longer communication. Requests framed in this manner invite nuanced, quibbling responses as distinguished from the simple "admit or deny" responses contemplated by Rule 36.

Accordingly, plaintiff's application for a protective order is **GRANTED**. The Clerk is respectfully requested to close Dkts. 575-76.

Dated: June 30, 2021
      White Plains, New York

**SO ORDERED**

_____
Paul E. Davison, U.S.M.J.