UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Galgano,

                          Plaintiff,

    - *against* -

County of Putnam, et al.

                         Defendants.

**ORDER**

16 Civ. 3572 (KMK)(PED)

**PAUL E. DAVISON, U.S.M.J.:**

By letter-motion dated August 19, 2021, defendant County of Putnam seeks a protective order barring the deposition of the County's current District Attorney, Robert Tendy. [Dkt. 618.][1] Plaintiff filed his opposition on August 26, 2021. [Dkt. 621.] Familiarity with the record is assumed. Putnam's motion is **GRANTED.**

Courts disfavor the depositions of senior government executives unless they have personal knowledge of relevant facts or some unique knowledge that is relevant to the action. *See Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 2006 U.S. Dist. LEXIS 87096 at *39 (S.D.N.Y. Nov. 30, 2006); *In Re Ski Train Fire*, 2006 U.S. Dist. LEXIS 29987 at *29 (S.D.N.Y. May 16, 2006). I therefore reject plaintiff's contention that a protective order in this context is "unusual" or that it requires an elaborate showing of good cause.[2]

Here, plaintiff seeks the deposition of the sitting District Attorney, who is undeniably a

---

[1] By Order dated August 19, 2021, the Court advised counsel that the Court would "rule on the submissions unless oral argument [was] requested." [Dkt. 619, corrected as to date at Dkt. 620.] No party requested argument.

[2] I also reject plaintiff's suggestion that defendant's letter-motion, which is substantially compliant with this Court's standard but often ignored Order pertaining to the resolution of discovery disputes [Dkt. 67], is procedurally deficient because it is not accompanied by a declaration from District Attorney Tendy. Here, the historical and undisputed facts are sufficient to resolve this dispute.

senior government executive as he is the chief law enforcement official of Putnam County. Critically, it is undisputed that District Attorney Tendy did not assume office January 1, 2016, *after* the events – spanning 2013 through 2015 – which gave rise to plaintiff's claims. There is no contention that District Attorney Tendy played any role in the investigation or prosecution of plaintiff before he took office, nor is there any basis to believe that he was privvy to the internal machinations of the District Attorney's office while his predecessor and political rival, defendant Levy, was District Attorney. As plaintiff has stressed in other contexts:

> This action is entirely about whether law enforcement officials, acting under color of law, were legally justified in taking, or allowing, the damaging actions they and their subordinates took against Mr. Galgano, his business, and his family, based on the evidence in their possession *at the time. . . Anything of which the Defendants were unaware at the time they acted is irrelevant to whether their official actions were lawful.*

[Dkt. 318 (Second Amended Complaint), ¶ 9.](emphasis added).

I agree with Putnam County that any opinions District Attorney Tendy may have formed concerning his predecessor, or his predecessor's conduct, are irrelevant to this action. There is good cause for an order to protect him and his office from "annoyance, embarrassment, oppression, or undue burden or expense" pursuant to Rule 26(c)(1), Fed. R. Civ. P.

Accordingly, Putnam's motion for a protective order is **GRANTED**. The Clerk shall close Dkts. 618 and 621.

Dated: August 27, 2021
White Plains, New York

SO ORDERED

Paul E. Davison, U.S.M.J.

2.