**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE GALGANO,

         Plaintiff,

-against-

COUNTY OF PUTNAM, NEW YORK; ADAM LEVY; ANDRES GIL; LOURDES GONZALEZ; HENRY LOPEZ; and MICHAEL T. NAGLE,

         Defendants.

---

ADAM LEVY,

         Counter Claimant,

-against-

GEORGE GALGANO,

         Counter Defendant.

Case No. 16-CV-03572 (KMK) (PED)

### MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Federal Rules of Civil Procedure 5.2 and 26, Southern District of New York Local Rule ("SDNY Local Rule") 5.1, Southern District of New York Electronic Case Filing Rules and Instructions ("SDNY ECF Rule") Rule 5.2, and this Court's individual practices, Plaintiff respectfully moves this Court for entry of an Order granting leave to file under seal unredacted Joint Exhibits 9, 29, 30, 152, 157, 158, 159, 161, 166, 243, and 379A and Exhibits 1, 2 and 29 of Counterclaim Levy's Declaration ("Counterclaim Exhibits"). In support of this Motion, Plaintiff states as follows:

    1.    Joint Exhibits 9, 29, 30, 152, 157, 158, 159, 161, 166, 243, and 379A and

Counterclaim Exhibits 1, 2 and 29 contain information that is confidential, privileged, and/or irrelevant to this case and the motions for summary judgment that have been filed by Plaintiff and Defendants. Plaintiff requests that these materials be treated as "Confidential" under the Confidentiality Order in this case (Dkt. No. 212). With respect to Exhibits 9, 29, 30, 152, 158, 159, 161 and 166 and Counterclaim Exhibits 1, 2 and 29, Plaintiff has filed redacted versions on ECF and only seeks a designation of "Confidential" for the information that has been redacted. Defendants and Counterclaim Levy oppose Plaintiff's motion.

**Joint Exhibit 9**

2.  Joint Exhibit 9 is a deposition transcript of Plaintiff George Galgano. Plaintiff seeks to mark Confidential the following testimony: 627:13-628:4; 628:13-17; 628:23-629:22; 686:6-689:24; 690:5-20; 691:2-692:21; 693:2-694:2; 695:3-696:9; 697:20-698:22; 704:2-9; 704:18-706:25; 751:8-12; 752:10-16; 755:8-756:16; 756:25-757:25. This testimony contains Plaintiff's previously nondisclosed financial information and non-party individuals' financial, business and personal or intimate information. This information is governed by the Protective Order in this case. (Dkt. No. 212 at 2 (a) – (d)).

3.  Moreover, the testimony Plaintiff seeks to designate "Confidential" was not cited by any party in any of the papers related to the motions for summary judgment that are currently before the Court. Thus, this testimony is irrelevant to the motions before the Court and should not be filed in connection with the summary judgment papers. *See* SDNY Local Rule 5.1 ("A party seeking or opposing relief under Fed. R. Civ. P. 26 through 37 inclusive, *or making or opposing any other motion or application*, shall quote or attach *only* those portions of the depositions, interrogatories, requests for documents, requests for admissions, or other discovery or disclosure materials . . . that are the subject of the discovery of the discovery motion or

2

application, or that are cited in papers submitted in connection with any other motion or application.") (emphasis added); SDNY ECF Rule 5.2 (a filer "must submit as exhibits or attachments *only* those excerpts of the referenced documents that are relevant to the matter under consideration by the Court") (emphasis added).  Thus, Plaintiff respectfully requests the information be deemed "Confidential" pursuant to the Protective Order (at 2(e) "any other category of information hereinafter deemed confidential by the Court").

4. Defendants and Counterclaimant Levy are not prejudiced by these designations and Plaintiff has only sought limited designations related to Joint Exhibit 9.

**Joint Exhibits 29 and 30 and Counterclaim Exhibit 29**

5. Joint Exhibits 29 and 30 and Counterclaim Exhibit 29 are deposition transcripts of non-party Stephanie Fanelli nee Capolongo.  Plaintiff seeks to mark Confidential the following testimony from Joint Exhibit 29:  53:4-18; 57:2-58:11; 59:20-60:5; 64:12-15; 75:18-136:6; 139:10-140:13; 141:21-144:25; 149:9-150:9; 151:3-155:25; 156:14-160:22; 161:11-162:4; 162:22-163:9; 165:8-167:7; 177:4-18; 178:13-179:19; 181:10-182:6; 194:25-196:7; 196:14-197:8; 198:17-22; 248:6-249:20; 251:6-13.  Plaintiff seeks to mark Confidential the following testimony from Joint Exhibit 30: 292:21-293:4; 313:5-314:10; 315:6-25; 319:6-15; 319:25-321:22; 324:10-13; 324:22-25; 325:14-20; 356:12; 363:10 (phone number); 364:10; 401:6-16; 405:2-5.

6. The testimony that Plaintiff seeks to mark Confidential is previously nondisclosed financial and business information of non-party individuals who are not relevant to this matter. The vast majority of the information concerns financial and business information of individuals who have *no* connection to this case other than that they are relatives of Mrs. Fanelli.[1]  (*See e.g.,*

---

[1] One individual who is not related to Mrs. Fanelli is Amer Hattar.  Plaintiff only seeks to designate Confidential financial information of Mr. Hattar.  Although it is Plaintiff's position that all questions regarding Mr. Hattar are

Joint Ex. 29 at 75:20-77:12). Defendants' counsel represented that he was asking Mrs. Fanelli questions about her financial information and her family members' financial information because "it may go to as bias and/or motive to fabricate". (Joint Ex. 29 at 68:3-15). Mrs. Fanelli's credibility is not at issue in any of the motions for summary judgment. In addition, Plaintiff's designations relate to these non-party individuals' financial, business and personal or intimate information, which is governed by the Protective Order in this case. (Dkt. No. 212 at 2 (a) – (d)).

7. Moreover, the testimony Plaintiff seeks to designate "Confidential" was not cited by any party in any of the papers related to the motions for summary judgment that are currently before the Court. Thus, this testimony is irrelevant to the motions before the Court. *See* SDNY Local Rule 5.1; SDNY ECF Rule 5.2; *see also Herbert v. Vantage Travel Service, Inc.*, 2019 WL 2514729 (D. Mass. Jun. 18, 2019) ("The defendant also contends that the vast majority of the two withheld sets of meeting notes, as well as the redacted portion of the third set of notes, contain confidential business and financial information that is not relevant to the instant litigation. This court agrees."). Plaintiff respectfully requests the information be deemed "Confidential" pursuant to Federal Rule 5.2, SDNY Local Rule 5.1, SDNY ECF Rule 5.2 and the Protective Order (at 2(e) "any other category of information hereinafter deemed confidential by the Court").

**Joint Exhibit 243**

8. Joint Exhibit 243[2] is an excel spreadsheet containing hundreds of thousands of

---

irrelevant and Plaintiff succeeded in quashing discovery requests related to the Galinn Fund and Mr. Hattar (Dkt No. 539 at 3), Plaintiff only seeks Confidentiality designations for Mr. Hattar's financial and business information.

[2] On June 3, 2022, Defendants seemingly withdrew their objection to Joint Exhibit 243 being filed under seal due to the Court's previous Order. Plaintiff continues to maintain his arguments here due in part to the fact that Plaintiff incorporates these arguments into the latter part of this motion.

4

Plaintiff's texts that date from the 1990s to June 2014[3] and is the subject of Plaintiff's replevin claim. This excel spreadsheet was confiscated by Defendants when they executed the search warrants at issue in this case and was in the custody of the State Police until May 2015 when the State Police provided the entire excel spreadsheet to the Putnam County District Attorneys' Office (PCDAO). (Joint Ex. 15, Gil Dep. (9/24/21) Tr. at 463:7-465:20). At that time, the PCDAO conducted searches on the spreadsheet. (*Id.*). The County did not return the spreadsheet to the State Police after Plaintiff's case was dismissed and produced the entire spreadsheet as part of this litigation. The Individual County Defendants ("ICDs") copied the spreadsheet prior to leaving the PCDAO and continue to possess this spreadsheet. As stated in his Motion for Partial Summary Judgment, this Exhibit is Plaintiff's property, and he has demanded its return from both the County and ICDs. Plaintiff has continually objected to the County's production of and Defendants' use of Joint Exhibit 243.

9.  Exhibit 243 should be filed under seal for several reasons. *First,* Joint Exhibit 243 has been the subject of dispute between the parties since it was produced by the County in early 2018. Although Judge Davison did not order the County to return Joint Exhibit 243 to Plaintiff, he recognized that "Plaintiff is a criminal defense attorney who habitually communicated with clients and others via cell phone and text message." (Dkt. No. 283 at 1). Joint Exhibit 243 contains thousands if not hundreds of thousands of texts between Plaintiff and clients and his wife that are clearly privileged.[4] With respect to Joint Exhibit 243, the Court has already ordered that "the parties shall redact from any public filing in this action the contents or

---

[3] Some of these texts date back to the 1970s and into 2015, but they are clearly misdated.

[4] To be clear, Plaintiff is not claiming that every communication with his clients is privileged but that many of the communications with clients or other attorneys are privileged and his communications with his wife are presumptively privileged. Moreover, nearly all of the communications with clients (with the exception of Mr. Zaimi) have nothing to do with this case or the underlying criminal cases against Mr. Zaimi and Defendants are not citing to these texts in their summary judgment papers.

5

substance of any communication between plaintiff and the 45 clients identified in counsel's August 29, 2018 letter (Dkt. 265)" and "any communication between plaintiff and his wife Helen Galgano nee Maher." (Dkt. No. 283). Defendants have made no attempt to follow the Court's order with respect to Joint Exhibit 243 and with the exception of two individuals, they have not moved for leave to include in a public filing a communication described in the previous order. (Dkt. No. 283 at 2 ("This Order applies regardless of how or from whom the filing party obtain the pertinent communication. However, any party may at any time for good cause apply for leave to include in a public filing a communication described in this Order.") In his summary judgment papers, Plaintiff does not cite to and continues to object to the use of Joint Exhibit 243.

10. *Second*, it is Plaintiff's position that Joint Exhibit 243 belongs to him, should have been returned to him after his indictments were dismissed, and is still under seal. (Joint Ex. 2 at ¶¶ 305-315). If Joint Exhibit 243 had been returned, Plaintiff would have been obligated to produce the portions of this document in this litigation that were not privileged and responsive to Defendants' document requests.[5] If the Court finds for Plaintiff on his replevin claim, he will have no remedy and be significantly prejudiced if Joint Exhibit 243 has already become publicly available.

11. *Third*, there is no prejudice to Defendants. The Court and parties have access to this document to review the Defendants' and Counterclaim Levy's citations to Joint Exhibit 243 in their summary judgment papers. Moreover, Defendants and Counterclaim Levy have chosen to cite to Joint Exhibit 243 rather than documents produced by Plaintiff that contain the same text messages. Nearly all, if not all, of the texts cited in Defendants' and Counterclaim Levy's summary judgment papers are found in other documents produced by Plaintiff.

---

[5] The parties agreed that the time period for document requests started on July 1, 2013, and thus, over sixty percent of these texts would not have even been responsive based on the timeframe alone.

6

12.     *Fourth*, the vast majority of texts in Joint Exhibit 243 are not cited by any party in any of the papers related to the motions for summary judgment that are currently before the Court.  Thus, the vast majority of texts are irrelevant to the motions before the Court, *see* SDNY Local Rule 5.1 and SDNY ECF Rule 5.2, and Plaintiff respectfully requests the information be deemed "Confidential" pursuant to the Protective Order (at 2(e) "any other category of information hereinafter deemed confidential by the Court").  *See also AXA Belgium, S.A. v. Century Indem. Co.,* No. 09 CIV. 9703 (CM), 2010 WL 199709, at *3 (S.D.N.Y. Jan. 11, 2010) ("Further, the motion to seal (docket no. 11) is granted, and the Clerk of the Court is instructed to seal all motion papers (and any accompanying affidavits) in this matter because they contain a substantial amount of information that is sensitive (and otherwise irrelevant to the motion to transfer).").

13.     *Fifth*, Exhibit 243 cannot be filed on ECF due to its nature and size.  Thus, it can only be filed on a flash drive with the Clerk of the Court and cannot be filed on the public ECF docket.

14.     For all of the reasons stated above, Plaintiff respectfully requests Joint Exhibit 243 be filed under seal and deemed Confidential pursuant to Federal Rule 5.2, SDNY Local Rule 5.1, SDNY ECF Rule 5.2 and the Protective Order.

**Joints Exhibits 152, 157, 158, 159, 161 and 166 and Counterclaim Exhibits 1, 2**

15.     Joint Exhibits 152, 157, 158, 159, 161 and 166 and Counterclaim Exhibit 2 are documents created by Defendants using the excel spreadsheet from Joint Exhibit 243 that thread all text messages between Plaintiff and individuals[6] that were in the spreadsheet.  Counterclaim

---

[6] The individuals are Nicholas Vulaj (Joint Ex. 152), a former client and friend, Eric Sharp (Joint Ex. 157), an attorney in Plaintiff's law firm, Andrew Kuchta (Joint Ex. 158), an investigator for Plaintiff, Alberto Spagnuola (Joint Ex. 159), a client, Anthony DiFiore (Joint Ex. 161), an attorney that Plaintiff used and referred cases to, and Bruno Gioffre (Joint Ex. 166), an attorney.

7

Exhibit 1 is a screenshot of Joint Exhibit 243 with three texts enhanced. Thus, these Exhibits have the same defects as Joint Exhibit 243, in that they contain many privileged, confidential, and otherwise irrelevant communications and Plaintiff hereby incorporates his arguments made above with respect to Joint Exhibit 243.

16. In an attempt to compromise and while reserving all rights with respect to his replevin claim, Plaintiff is filing redacted versions of Joint Exhibits 152, 158, 159, 161, and 166 and Counterclaim Exhibits 1 and 2. These redacted versions have *all* of the texts that Defendants and Counterclaim Levy are citing to in their summary judgment papers and the surrounding texts that would have been responsive to Defendants' document requests. Thus, Plaintiff's compromise is consistent with SDNY Local Rule 5.1 and SDNY ECF Rule 5.2 and there can be no argument that Defendants are prejudiced by filing the unredacted versions under seal.[7]

17. Plaintiff is not filing a redacted version of Joint Exhibit 157 on ECF and seeks permission to have this entire Joint Exhibit filed under seal and deemed "Confidential". This Joint Exhibit contains 109 pages of text messages that range in date from June 21, 2012 to June 25, 2014 and are between Plaintiff and Eric Sharp, an attorney who worked with Plaintiff. Thus, on top of the large quantity of completely irrelevant text messages, this exhibit has a large quantity of privileged communications that Defendants have not attempted to redact in any way. Indeed, Defendants did not even cite to Joint Exhibit 157 until they served their reply briefs, and even then, only in a general citation to 14 pages of texts from June 17 to 25, 2014. (ICD Reply

---

[7] In past filings, the Defendants have publicly filed exhibits based on information from Joint Exhibit 243 that have been limited to the page(s) that Defendants were referring the Court to in their argument. Now, however, they are attempting to include all text messages between an individual and Plaintiff, even though those communications are not cited by Defendants in their summary judgment papers. Therefore, Defendants are simply trying to litter the docket in violation of local rules with irrelevant information that is subject to Plaintiff's replevin claim. Plaintiff believes this to be an abuse of the process and now seeks Confidentiality designations for these Exhibits consistent with this motion. Plaintiff has been reasonable and willing to work with Defendants to consent to the public filing of information from Joint Exhibit 243 that is not privileged and responsive to Defendants' document requests.

at 7). Plaintiff seeks to have the entire Joint Exhibit 157 deemed "Confidential" and filed under seal. In the alternative, Plaintiff respectfully requests the Court order Defendants to identify non-privileged texts from the cited 14 pages that are clearly relevant to their summary judgment papers and Plaintiff will file redacted versions on the public docket.

18.    Again, Joint Exhibits 152, 157, 158, 159, 161 and 166 and Counterclaim Exhibit 2 are Defendants' creations. The actual document is the disputed Joint Exhibit 243. Defendants should not be able to create documents from a disputed document, include clearly irrelevant, privileged and confidential communications in the created documents, and then seek to have the entire created document filed on the public docket.

19.    These exhibits were originally provided to Plaintiff by Defendants as Requests for Admission. Plaintiff timely objected to these exhibits at that time and has objected each time Defendants used these exhibits in depositions.

20.    Thus, for all of the reasons stated above, Plaintiff respectfully requests that the unredacted versions of Joint Exhibits 152, 157, 158, 159, 161 and 166 and Counterclaim Exhibits 1 and 2 be filed under seal and be deemed Confidential pursuant to Federal Rule 5.2, SDNY Local Rule 5.1, SDNY ECF Rule 5.2 and the Protective Order.

**Joint Exhibit 379A**

21. Joint Exhibit 379A is an analysis of Plaintiff's entire laptop and the subject of Plaintiff's replevin claim. Like Joint Exhibit 243, Joint Exhibit 379A was confiscated by Defendants when they executed the search warrants at issue in this case. Joint Exhibit 379A is an excel spreadsheet with over 1 million entries and cannot be filed on ECF due to its nature and size. Although Defendants did not actually provide a pincite for the Court in their summary judgment papers with respect to this Exhibit, it is clear they are only citing to eleven (11) out of

the over 1 million entries. Thus, the document contains wholly irrelevant information in violation of SDNY Local Rule 5.1 and SDNY ECF 5.2, contains business and privileged information that is governed by the Protection Order and is otherwise confidential, and Defendants will not be prejudiced by filing the document under seal.

22. Plaintiff respectfully requests the entire Joint Exhibit 379A to be filed under seal and deemed "Confidential" pursuant to Federal Rule 5.2, SDNY Local Rule 5.1, SDNY ECF Rule 5.2 and the Protective Order.

**Conclusion**

23. Throughout this litigation, Defendants and Counterclaim Levy have time and time again attempted to deflect from their unconstitutional actions by conducting a scorched-earth campaign to embarrass and intimidate Plaintiff by pointing to irrelevant and/or confidential information. Plaintiff is simply requesting that irrelevant, confidential and privileged information be deemed "Confidential" and filed under seal.

24. The federal and local rules and the Protective Order in this case permit this sealing and for all of the reasons stated above, Plaintiff respectfully requests this Court enter an Order granting leave to file under seal unredacted Joint Exhibits 9, 29, 30, 152, 157, 158, 159, 161, 166, 243, and 379A and Counterclaim Exhibits 1, 2 and 29.

Dated:   June 3, 2022                                             Respectfully submitted,

                                                                        **BOIES SCHILLER FLEXNER LLP**
*/s/ Ryan T. McAllister*
Ryan T. McAllister
30 South Pearl Street, 11th Floor
Albany, New York 12207
(518) 434-0600
*Counsel for Plaintiff/Counter Defendant George Galgano*

Plaintiff's application for leave to file certain exhibits under seal is denied without prejudice.  (*See* Dkt. No. 766.)

The public has a "presumptive right of access to judicial records," which is rooted in the common law and is "independently secured by the First Amendment."  *Mirlis v. Greer*, 952 F.3d 51, 58–59 & n.5 (2d Cir. 2020); *see also Olson v. Major League Baseball*, 29 F.4th 59, 90 (2d Cir. 2022) (explaining that "a strong presumption [of public access] attaches to materials filed in connection with dispositive motions, such as . . . a summary judgment motion").  "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action."  *Boothbay Absolute Return Strategies, LP v. Belgische Scheepvaartmaatschappij-Compagnie Mar. Belge SA*, No. 24-CV-1445, 2024 WL 1097128, at *7 (S.D.N.Y. Mar. 13, 2024) (quoting *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)).

Here, Plaintiff has failed to meet his burden.  For example, in support of his application, Plaintiff makes broad and conclusory statements that certain lines of deposition testimony contain "previously nondisclosed financial information and non-party individuals' financial, business[,] and personal or intimate information" or "financial and business information of individuals who have no connection to this case," (*see* Dkt. No. 766 at 2, 3 (emphasis omitted)), but fails to specify what any of that "information" actually is (other than identifying one line of testimony as containing a "phone number," which likely should not be sealed, *see Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 630 (S.D.N.Y. 2011)).  "[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test [for sealing judicial documents]."  *Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*, No. 23-CV-05219, 2024 WL 1329381, at *3 (S.D.N.Y. Mar. 28, 2024) (quoting *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10-CV-655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012)).  Thus, it simply will not do for Plaintiff to have the Court do his job for him.  Should Plaintiff choose to renew his application, he should consider providing the Court with a chart, identifying specific materials he would like sealed alongside the bases for his requests.  He would also do well to provide the Court with applicable case law in support of his application.  (*See generally* Dkt. No. 766 (containing barely any case citations in support of Plaintiff's application).)

The Clerk of Court is respectfully directed to close the motion pending at Dkt. No. 766.

SO ORDERED.

4/15/2024